IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALOYSIUS BLACKCROW,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>CONFEDERATED SALISH AND KOOTENAI POLICE DEPARTMENT; BRAD PLOUFF; NATE GRAY; LAKE COUNTY ATTORNEY'S OFFICE; and COMMISSIONERS,<br><br>　　　　　Defendants. | Cause No. CV 21-118-M-DLC<br><br><br>ORDER |

Plaintiff Aloysius Blackcrow moves to proceed in forma pauperis with this action under 42 U.S.C. § 1983 alleging violation of his civil rights. He also asks the Court to appoint counsel to represent him.

## I. Motion to Proceed In Forma Pauperis

Blackcrow did not submit a copy of his inmate trust account statement covering a six-month period. *See* Account Stmt. (Doc. 1-1) at 2; 28 U.S.C. § 1915(a)(2). But there is no need to delay resolution of this matter. Blackcrow's motion will be granted.

Because Blackcrow is a prisoner, he must pay the $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each

1

month's deposits into the account, provided the balance is at least $10.00. The Court will waive the initial partial filing fee, because it is not clear Blackcrow could pay it. The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

## II. Screening

Because Blackcrow is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

## III. Blackcrow's Allegations

Blackcrow contends that two tribal officers, Defendants Plouff and Gray, unlawfully participated in the investigation and prosecution of the State of Montana's criminal case against him. These events began in approximately June 1996. *See* Compl. (Doc. 2) at 1. Blackcrow is currently incarcerated in the Lake County jail, evidently on an allegation that he violated the conditions of his parole

2

from his prison sentence for that conviction. *See* CON Network, app.mt.gov (accessed Oct. 13, 2021). He contends that the tribal officers lacked jurisdiction to investigate felony offenses, handle evidence, or testify in state court, *see* Compl. at 3, because the Confederated Salish and Kootenai Tribe has " 'misdemeanor' jurisdiction 'only,'" *id.* at 5. Blackcrow contends that the officers should be charged with various offenses under Montana law. *See id*. at 6. He also contends that he had developmental disabilities at the time his rights were being violated by the tribal officers' actions. *See id*.

For his relief, Blackcrow asks the Court to issue an "injunction for $1,500.00" for each day he has spent in jail or prison, totaling $13,050,00, and asserts the Tribe should pay the same amount, for a total of $26,100,000. *See id*. at 7. He also asks the Court to enjoin the defendants from contacting him or having any legal involvement with his past or present criminal cases. *See* Prop. Order (Doc. 2-1) at 1–3.[1]

### IV. Analysis

Blackcrow's complaint is squarely controlled by *Heck v. Humphrey*, 512

---

[1] Blackcrow also attached a two-page "Prayer for Relief" (Doc. 2-1) signed by himself and four other individuals. It was filed with a complaint in *Blackcrow v. Lake County*, No. CV 21-97-M-DLC-KLD (D. Mont. Sept. 3, 2021), and requests relief against the conditions of his confinement in the Lake County jail. As Blackcrow's allegations in this matter challenge his conviction, not the conditions of his current confinement, the attached "Prayer" is not relevant to this case. The Court will disregard it.

U.S. 477 (1994). Before a plaintiff may recover damages or obtain any other relief under 42 U.S.C. § 1983 for an allegedly unlawful conviction or sentence, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87. If a plaintiff's success in a § 1983 action would necessarily imply that his conviction or sentence is invalid, he cannot proceed. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 486–87 (1973); *Nettles v. Grounds*, 830 F.3d 922, 927–29 (9th Cir. 2016) (en banc).

If this Court were to hold that Blackcrow is entitled to injunctive relief or damages because tribal officers acted outside their jurisdiction in participating in the State's criminal case, or because Blackcrow had developmental disabilities at the time he was convicted and sentenced, it would necessarily imply that his conviction and sentence were obtained unlawfully and are invalid. In no way is the Court suggesting any opinion as to merit in Blackcrow's claims. It says only that the claims in his complaint cannot be heard under 42 U.S.C. § 1983. The Court cannot consider whether his claims have merit or not.

Blackcrow might proceed under § 1983 if he eventually succeeds in setting aside his conviction and sentence. But he has not yet done so. No amendment can

cure this defect. Blackcrow's complaint must be dismissed.

The Court has considered whether Blackcrow should have an opportunity to convert his complaint to a petition for writ of habeas corpus under 28 U.S.C. § 2254. But he has already litigated a federal habeas petition to conclusion. *See Blackcrow v. Mahoney*, No. CV 03-120-M-LBE (D. Mont. judgment entered Nov. 23, 2004). This Court lacks jurisdiction to consider a second petition unless and until the Ninth Circuit Court of Appeals authorizes Blackcrow to file one. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Because the law governing this case is well-established, any appeal from this disposition would not be taken in good faith. For purposes of appeal, Blackcrow should not be permitted to proceed in forma pauperis. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B).

### V. Motion for Counsel

Generally, a civil litigant is not entitled to appointment of counsel at public expense. *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998), and *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). Blackcrow's case does not present exceptional circumstances, and even if it did, the Court would not appoint counsel. The complaint must be dismissed, not because Blackcrow does not present it clearly, but because no one may obtain relief under 42 U.S.C. § 1983 if his success would

imply the invalidity of an outstanding criminal judgment.

Accordingly, IT IS ORDERED:

1. Blackcrow's motion to proceed in forma pauperis (Doc. 1) is GRANTED.  A collection order accompanies this Order.

2. The complaint (Doc. 2) is DISMISSED without leave to amend.

3. Blackcrow's motion for counsel (Doc. 3) is DENIED.

4. The clerk shall enter, by separate document, a judgment of dismissal.

5. Pursuant to Fed. R. App. P. 24, the Court CERTIFIES that any appeal of this disposition would not be taken in good faith as the case is clearly controlled by *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED this 14th day of October, 2021.

_____
Dana L. Christensen, District Judge
United States District Court